SHACKLEFORD
*vs*
STOCKTON, &c.

*Turner* for plaintiff: *Caperton* for defendant.

---

CHANCERY.

Case 80.

April 20.

## Shackleford *vs* Stockton, &c.

ERROR TO THE FREMING CIRCUIT.

*Lien.   Substitution.   Bankrupts.*

JUDGE MARSHALL delivered the opinion of the Court.

THIS case seems to have been decided by the Circuit Court upon an agreed statement of facts made up for the decision of a chancery attachment, in which Shackleford a judgement creditor of Stewart Hood, a bankrupt, with a return of no property found, &c., sought to appropriate to his debt certain funds of Hood arising from the execu-

tion (under a decree) of the trusts declared in a deed made by one Patton for the security and indemnification of certain creditors and surities and among them of Hood. The attachment bill was filed some two years after Hood obtained his discharge as a bankrupt,·and claims his portion of the proceeds of the trust estate, in the hands of the commissioner who made sale under the decree, which claim is contested by Stockton, the assignee in bankruptcy. Assuming, as we must do, from the agreed case, that under the operation of the bankrupt law, the interest of Hood in the deed of trust from Patton, passed to the assignee, unless this was prevented by some prior lien or specific equity attaching upon said interest before it was subjected to the operation of the bankrupt law, the question presented in this case is, whether Shackleford had any such lien or equity. It is claimed for him on the following facts:

It appears that Hood was the accommodation acceptor for Patton, of two bills, one of which for the sum of $1,500, Hood took up by his own note, with Berry as his surety, and upon the other for $800, Shackleford obtained the judgment against him before mentioned. Hood was also the surety of. Patton for about $1,000f due to Pepper; and to secure the payment of this debt to Pepper, and also to indemnify Berry as his surety for the $1,500, Hood executed to them a mortgage upon his land. Shackleford had his execution levied upon the equity of redemption under this mortgage, which he purchased for $25, before Hood's application· for the benefit of the bankrupt law. Afterwards the mortgaged property was sold under a decree, and the two debts secured by it were satisfied, except about $200 of Pepper's debt. By this decree and sale, if effectual, the equity of redemption was barred. But Shackleford was no party to the suit.

The deed of trust from Patton provided for the two debts secured by the mortgage, for one as a debt of $1,500, due to Hood by bill·of exchange, &c., and for the other as due to Pepper. It also provides, as we understand it, for Shackleford's debt, as a debt due to Hood by bill of exchange, &c. By the proceedings under the

SHACKLEFORD
vs
STOCKTON, &c.

deed of trust and decree thereon, the $200 remaining due to Pepper, after the sale under Hood's mortgage, were paid out of the trust runds. And Shackleford having, as we presume, obtained a dividend proportioned to the amount of his debt, as provided for by the deed, claims also the share of Hood's dividend due on account of the payments made by the sale of his property under the mortgage.

This claim is presented and will be considered under two aspects : 1st. Independently of the purchase of the equity of redemption by Shackleford ; and 2d, as it is affected by that fact.

Under the first aspect, it is suggested that the debts of Berry and Pepper were secured by two deeds on two funds, while that of Shackleford was secured by but one deed and on but one fund, and the equitable principle applicable to that case, is appealed to. But supposing Berry and Pepper to have been direct beneficiaries in both deeds, and Shackleford a co-beneficiary with them in one only, the equitable principle referred to, if applicable at all to a case like this, would prescribe that before resorting to the fund by which all were secured, they should resort to and exhaust that on which they had the exclusive lien, and that if they, in fact, resorted to their common fund first, Shackleford should, after they were satisfied, be substituted *pro tanto*, if necessary, to their lien upon their peculiar fund. But as they, in fact, resorted to the peculiar fund first, and exhausted it before they resorted to the common fund at all, this principle of equity seems to be fully satisfied, and there is no further room for its direct application. The consequence would, however, be that if the common fund was pledged by the common debtor for the payment of the three debts, without discrimination, and if the exclusive fund was pledged by the same debtor, to two of them only, the satisfaction of these two out of the latter fund, would necessarily relieve the former to that extent, and for the common benefit, so that the *pro rata* dividend of the third debt in the common fund, would be proportionally enlarged.

Whan a debtor
gives a mortgage Passing by the fact that neither Berry nor Shackleford are directly secured by the deed of trust, each having only a

resulting or consequential interest and waiving the question whether that deed which secures many debts besides those above mentioned gives precedence to any, the material facts which distinguish this from the ordinary case to which the equitable principle referred to applies, are that the deed of trust is made by Patton and the mortgage by Hood, each conveying his own distinct property for the security of his own debt; that Patton though the ultimate debtor and as such perhaps accessible to all of these demands was not the immediate debtor of either Berry or Shackleford, but that Hood in consequnce of his liability assumed for Patton was the direct and immediate debtor of Shackleford, and the contingent debtor of Berry standing however between both of them and Patton, and that so far as he occupied this position Patton regarded him and not them as his creditor and accordingly provides for him alone in the deed. But as to the Pepper debt the security is provided directly in favor of Pepper and even Hood has but a resulting or derivative interest under the deed of trust.

If the payment by Hood of the two debts secured by his mortgage had operated as a discharge of those debts as secured by the deed of trust the discharge would have enured to the benefit of the other debts secured thereby. But as on the contrary it operated to make Hood's claim under the deed more certain and absolute, the right to the fund appropriated to those two debts by the deed can only be claimed through Hood as to the debt of $1500 and through him or Pepper or both as to the $1,000 debt due to the latter. Shackleford may claim through Hood the security furnished by the deed for the $600 debt held by him, not merely because he is the creditor of Hood for whom provision is made in the deed, but because he is his creditor for the very debt provided for. As his creditor for that debt his claim thus derived is limited to the provision made for it, and cannot be extended to the provision made for other debts due or to become due to Hood and in which he has no interest. His judgment and return of no property might give a right to attach other interests of Hood under the deed, but they gave him no lien upon them nor any specific equity independent of, or prior to,

SHACKKEFORD
vs
STOCKTON, &c.

to his surety, who wao bound for several debts, and that surety take up one of the debts and gives his surety a mortgage for his indemnity, a creditor of the debtor in another and distinct demand, cannot compel the first creditor to make his debt out of the surety of the surety of his debtor, though he may have purchased under execution, the equity of redemption of the surety who made the mortgage to his surety, thereby to make his purchase more available.

A creditor of a mortgagee may be substituted to the rights of the mortgagee, under the mortgage, where it is made to secure the debt which he is seeking to recover, and due to himself, on bill in chancery filed for that purpose.

such attachment. He claims indeed that he should be substituted to the rights of Berry and Pepper or one of them, and that as they had a claim under the deed prior to the proceedings in bankruptcy his claim by substitution should take precedence of that of the assignee. If it were conceded that such a claim to substitution if asserted in a Court of Equity, before the right of the assignee commenced might have been available either on the ground that the parties preferred had liens on two funds while Shackleford had a lien on but one, or on the ground that he as a judgment creditor of the mortgagor calling upon the mortgagees to foreclose might require them to relieve the mortgage as far as they could by resorting to their other security, still we are not prepared to admit, that after failing to assert such a claim, in any proceeding against the mortgagees, or upon the deed of trust, until the interval of two or three years, other opposing interests have been created, and vested, the party can assert this derelict claim, to the destruction of these intervening interests.

But what basis is there for the claim of substitution and for the precedence alleged to be consequent thereon? Shackleford had no connection with either of the two debts secured by Hood's mortgage except that Hood was his debtor also, and that his debt was secured by Patton's deed of trust, with the other two. As to Berry who had no interest in the deed of trust, but through Hood, and as a means of saving himself, as Hoods security, it seems clear, that when Hood himself, paid the debt, the right of Berry was thereby extinguished, for Hood's benifit.— Shackleford contributed nothing towards the payment of this debt. He conferred no benefit upon Berry, had incurred no liability for either party, in the transaction, and lost nothing by it. He did not give up the mortgaged property, nor any interest or right in it, for he had none, and therefore he acquired no right by the subjection of that property to the payment of Hood's debt for which Berry was surity. And as to Pepper, the case being that Hood's property paid Patton's debt due to Pepper, and secured by the deed of trust, the principal of substitution, would seem to operate directly in favor of Hood, whose

A creditor made a deed of trust to secure the payment of sundry debts, some of these debts the surety took up and gave his own note with surety to pay, and gave this surety a mortgage to secure and indemnify him, the trust property is sold and the debt paid, the *surety* of the *surety* is thereby released. But his principal becomes bankrupt—Held that the mortgaged property vested in his assignee, and that a creditor of the first debtor had not any lien on the property mortgaged to the surety.

actual payment of Patton's debt to Pepper, furnishes a much more distinct and satisfactory ground for the presumed or equitable transfer of the security to him, than is furnished by any consideration, which so far as we percieve can operate in favor of Shackleford. It is indeed among the clearest and best established rules upon the subject, that the surity who discharges the debt of his principal is entitled to be subrogated to all the rights which the creditor has against the principal. Hood was in effect the surity of Patton, in all three of these debts. He was so in form in the debt of Pepper, and without indemnity as to that debt, except upon the equitable principal of substitution. If in proceeding on the mortgage for his debt, Pepper deprived Shackleford of any right or security which he had, this might have created some equity which would have impaired the right of Hood, consequent upon his payment of the debt. But we are not satisfied that this was the case, and the clearly equitable right of Hood, cannot be defeated by a doubtful claim, or argument, nor even by the concession, were it made, that Shackleford might have obtained some advantage, if he had asked it in time. We are not satisfied that Pepper, as well as Berry, had not a perfect right to proceed first on the mortgage, if not opposed by Shackleford, who as a judgement creditor, might have instituted the suit, for foreclosure, or might have come in as a party in the suit, instituted by the mortgagees. We conceive that his failure to do so, cannot be the foundation of an equity against any of the parties. It is stated, indeed, that he was not made a defendant, to that suit, but it neither appears, that he was a necessary party, by reason of a purchase, before the commencement of this suit, nor that he had not notice, in fact, which would have enabled him, to present himself as entitled to be a party, and as to the present enquiry, this was sufficient. We think, therefore, that as the holder of one of the debts secured by the deed of trust, and as a judgment creditor of Hood therefor, Shackleford's claim to the proceeds of the trust, provided for the security of other debts, due to Hood, or subsequently paid by him, as security, was only a claim, as a general creditor, to appropriate them by attachment,

SHACKLEFORD
*vs*
STOCKTON, &c.

The sale of the
equity of re-
demption *may*
not divest the
mortgagor of all
interest in the
mortgaged es-
tate.

and that the assignee's right having accrued long before the attachment, Shackleford can only claim a *pro rata* distribution under the Bankrupt law.

2d. As already intimated, it does not clearly appear that the purchase of the equity of redemption was made before the commencement of the suit on the mortgage. If it was made before, and under such circumstances as that the mortgagees were bound to know it, and to make the purchaser a party, the effect of their failure to do so would be that the equity of redemption was not barred by the decree and sale; and that Shackleford, as its owner, might, by bill filed for that purpose, contest the debt of the mortgagees, and the extent of their claim against the land, and the consequence might be a new decree accordant with the equities made apparent in the case. The present proceeding does not seek, and is not appropriate for such relief; and we need say nothing as to its effect upon the rights growing out of the first sale, or other intervening facts. We would remark, however, that although by the valid sale under execution, of the equity of redemption, the mortgagor's right to redeem is transferred from him, it does not follow that he can have no further interest in the mortgage. If a portion of the mortgage debt should afterwards be made out of the mortgagors estate not included in the mortgage, such a diminution of the mortgage debt might not certainly enure to the benefit of the holder of the equity of redemption. In such a case the mortgagor might, under certain circumstances, be entitled to be substituted to the extent of such payment, to the rights of the mortgagee, and to coerce re-payment out of the mortgaged estate.

If the purchase of the equity of redemption by Shackleford, was not until after the commencement of the suit for foreclosure. it did not affect that suit, but he was bound by its result; and in either case we do not think it would make any difference as to the propriety of the decree now before us.

Wherefore, the decree directing the funds in the hands of the Commissioner, as the dividend of Hood, on ac-

count of the two debts paid by him, to be paid over to the assignee, is affirmed.

*Boyd* for plaintiff: *Porter* for defendant.